UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

MEL LINDSEY ATWELL                )
                                  )
    *Petitioner*,              )
                                  )
v.                                )  No. 4:11-cv-08
                                  )  *Mattice*
                                  )
STATE OF TENNESSEE                )
                                  )
    *Respondent*.              )

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Mel Lindsey Atwell ("petitioner"). The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent and petitioner's response thereto. There are also pending various motions filed by petitioner. For the following reasons, the motion to dismiss [Court File No. 9] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

Petitioner alleges that he has been incarcerated without trial in the Grundy County Jail since February 4, 2010, on serious traffic offenses. He asks this court to order his release based upon the violation of his right to a speedy trial. The Attorney General moves to dismiss the petition for failure to exhaust state remedies.

In support of the motion to dismiss, the Attorney General has provided the court with a copy of the indictment against petitioner. [Court File No. 10, Memorandum of Law in Support of Motion to Dismiss, Attachment 1, Indictment]. Petitioner was indicted on the following charges, all of which are alleged to have occurred on February 4th, 2010: operating a motor vehicle after having been declared a habitual traffic offender and while an order prohibiting said operation remained in effect (count one); driving while intoxicated (count two); fourth offense driving while intoxicated (count three); driving while intoxicated (count four); fourth offense driving while intoxicated (count five); reckless endangerment of other motorists (count six); reckless endangerment of Heath Gunter (count seven); flight to elude Larry Fraley, a law enforcement officer (count eight); flight to elude Heath Gunter, a law enforcement officer (count nine); assault upon Heath Gunter by use of a deadly weapon, to-wit an automobile (count ten); reckless driving by speeding (count eleven); failure to provide evidence of financial responsibility (count twelve); attempting to obstruct law enforcement through force (count thirteen); and operating a motor vehicle with an open container of alcohol (count fourteen).

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404

2

Case 4:11-cv-00008-HSM-WBC   Document 16   Filed 09/16/11   Page 2 of 4   PageID #: 71

U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review").

Because petitioner has not yet been tried, he has not had the opportunity to raise in the state courts, including the appellate court, his claim that his right to a speedy trial has been violated. Thus, he has not exhausted his available state court remedies on that claim. In addition, the law is also settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971).

According to pleadings filed by petitioner, his trial has been postponed twice – the first time because he refused to accept the plea offer and the second time because the courthouse was closed in observance of the funeral of a Tennessee Highway Patrol officer. While the court can appreciate petitioner's frustration at the delay of his criminal trial, these are very serious charges against him. Under the circumstances, the court sees no reason to intervene in the pending state court proceedings.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. All other pending motions will be **DENIED** as **MOOT**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal

3

from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
